JUANITA O'BRIEN GARDNER v. NATIONAL LIFE INSURANCE COMPANY.

(Filed 2 December, 1931.)

**Insurance J b—Insured did not elect to have dividends applied to paid-up insurance and policy was forfeited for nonpayment of premiums.**

Where, in an application for insurance attached to and made a part of the policy contract, the insured elects to leave his dividends, as declared, with the company at interest unless otherwise ordered, and thereafter, upon notification that a premium was due, he fails to pay the premium and allows the policy to lapse, and informs the company's agent that he would take the dividend then due in cash, and gives the company no further notification, *Held:* it was the duty of the insurer to abide by the election of the insured as to the application of dividends, and upon the insured's death during a period in which the dividend, if applied to paid-up insurance, would have kept the policy alive, the beneficiary cannot maintain that the insurer should have so applied the dividend, and she is entitled to recover only the dividend left with the company with interest.

APPEAL by plaintiff from *Grady, J.,* at May Term, 1931, of BEAUFORT. Affirmed.

Plaintiff is the widow of Claud G. Gardner, who died on 24 August, 1930. She is the beneficiary in a policy of insurance issued by the

defendant on 11 May, 1928, by which the defendant, in consideration of the application therefor, and of the payment of premiums as provided therein, promised to pay to plaintiff, as the beneficiary named in said policy, upon the death of the insured, Claud G. Gardner, the sum of $5,000.

This is an action to recover on said policy of insurance. The action arises out of a controversy between the parties, as to whether the policy was in force at the date of the death of the insured, to wit: 24 August, 1930. The defendant contends that the policy lapsed prior to said date because of the nonpayment of the semiannual premium due on 11 May, 1930; the plaintiff contends that by its terms the policy was extended beyond said date, because of the dividend due to the insured on 11 May, 1930, and not paid to him prior to his death.

By consent, a trial by jury was waived. It was agreed that the judge should hear the evidence, and find the facts therefrom. The facts found by the judge from the evidence offered by both plaintiff and defendant, are as follows:

The policy was issued on 11 May, 1928. The premiums were due and payable on 11 May and 11 November of each year. All premiums due prior to 11 November, 1929, were paid by the insured, and the policy was in force at said date.

The semiannual premium due on 11 November, 1929, was paid by the insured, partly by cash, and partly by a sum of money advanced to the insured by the defendant for that purpose. This sum was secured by an assignment of the policy to the defendant by the insured. It was agreed that the defendant had a lien on the policy for the sum advanced by it to the insured on 11 November, 1929, with interest at the rate of six per centum. This sum with accrued interest was $57.99.

The semiannual premium due on 11 May, 1930, was not paid by the insured. The cash surrender or loan value of the policy at that date was $60.30. Upon default in the payment of the semiannual premium due on 11 May, 1930, the defendant applied the sum of $57.99 of the cash surrender or loan value of the policy to the payment of the sum advanced by it to the insured on 11 November, 1929. The balance, to wit: $2.31, was applied by the defendant to the purchase of term insurance as provided in the policy. This term insurance expired on 30 May, 1930. The application by the defendant of the cash surrender or loan value of the policy on 11 May, 1930, to the payment of the sum advanced to insured on 11 November, 1929, and to the purchase of term insurance, was in accordance with the express provisions of the policy. It is conceded that this application was proper.

GARDNER *v.* INSURANCE CO.

It is provided in the policy that it "shall participate in the surplus upon payment of the premium due on the first anniversary, and the company will annually determine and account for the portion of the divisible surplus applicable hereto. Dividends as declared shall become absolutely the property of the insured, and at his option may be: first, withdrawn in cash; or second, applied toward the payment of any premium; or third, converted at net single premium rates into additional paid-up participating insurance, which may be surrendered for its cash value at any time on the sole signature of the insured; or fourth, deposited with the company subject to the payment annually of three per cent interest thereon, and the share of surplus interest apportioned thereto by the directors, which deposits may be withdrawn at any time, or will be included in any cash settlement of this policy. Unless the insured shall elect otherwise prior to thirty days after any dividend is due, the same will be held at interest as provided in Option 4."

In the application for the policy, a copy of which is attached thereto, and made a part thereof, the insured expressly elected that dividends of surplus should be "left with the company at interest unless otherwise ordered."

A dividend amounting to $24.35 was declared on the policy at the end of the first year, to wit: 11 May, 1929. This sum was paid to the insured and accepted by him, in cash.

At the end of the second year, to wit: 11 May, 1930, a dividend amounting to $25.30 was declared on the policy. This sum was retained by the company, at interest, in accordance with the election of the insured, as shown by his application for the policy. He gave no direction to the company to the contrary. After the death of the insured, the defendant tendered to plaintiff the amount of this dividend, which she declined to accept. If this dividend had been applied by the defendant to the purchase of term insurance the policy would have been extended beyond the date of the death of the insured, and would have been in force on said date.

During the month of June, 1930, a local agent of the defendant company, called upon the insured at his home in Washington, N. C., and urged him to renew the policy, which had lapsed on 11 May, 1930, because of his default in the payment of the semiannual premium due at said date. The insured informed the agent of the defendant that he did not wish to renew the policy, but intended to take another policy in another company, and to use the dividend due him by the defendant in payment of the premium on the policy which he intended to take with the other company. He directed the agent of the defendant to notify its State agent that he did not care to keep his policy with the defendant company.

Upon the foregoing facts, the court was of opinion that the defendant had no right to apply the dividend declared on the policy and due on 11 May, 1930, to the purchase of term insurance and thereupon ordered and adjudged that plaintiff is not entitled to recover on the policy sued on in this action.

From judgment that plaintiff recover nothing by this action and that defendant recover of the plaintiff its costs to be taxed by the clerk, the plaintiff appealed to the Supreme Court.

*L. C. Warren and MacLean & Rodman for plaintiff.*
*Pou & Pou and Ward & Grimes for defendant.*

CONNOR, J. There is no error in the judgment in this action. The insured had directed in his application for the policy of insurance sued on, a copy of which is attached to and made a part of the policy, that dividends declared thereon in accordance with its provisions, should be left with the company, at interest, unless otherwise ordered by him. The policy provides that unless the insured shall elect otherwise prior to thirty days after any dividend is due, the same shall be held by the company, at interest, to be withdrawn by the insured at any time, or to be included in any cash settlement of the policy. Although he had notice of the dividend due on 11 May, 1930, and of his right to direct its application to the payment on the premium due on said date, or to the purchase of extended insurance, the insured did not order such application. He elected that the dividend should remain with the defendant, at interest, in accordance with his direction given in his application for the policy. In view of the express provisions of the contract between the insured and the defendant, as clearly and plainly expressed in the policy, the defendant had no right, in law or in equity, to apply the dividend declared prior to 11 May, 1930, and due at said date, as a payment on the semiannual premium due on 11 May, 1930, or to the purchase of extended insurance. If in violation of its contract with the insured, with respect to this dividend, the defendant had so applied it, it would have nevertheless been liable to the insured for the amount of the dividend, with interest, when called upon by him for its payment. There is no principle of law or equity upon which the defendant can be held liable to the plaintiff because after the death of the insured within the time for which the policy would have been extended, if the insured had directed that the dividend be applied to the purchase of extended insurance, it appeared that such application would have been to the interest of the plaintiff, as beneficiary in the policy.

It is true as said in *Mutual Life Insurance Co. v. Breland* (Miss.), 78 So., 862, L. R. A., 1918D, 1009, that it is well settled that the law

abhors a forfeiture. In that case it was held that upon nonpayment of a premium due on a life insurance policy, when surplus and dividends have accrued upon the policy sufficient to pay the premium, the company must in the absence of notice to the insured to exercise his option as to application, apply it to the premium so as to prevent a forfeiture, although the policy provides that upon failure of the insured to exercise his option, the dividends shall be applied to purchase of paid-up additions to the policy. In the instant case, the option had been exercised by the insured when he applied for the policy, and he had notice after the dividend had been declared and was due that he had the right to elect as to its application. By the terms of its contract with the insured, the defendant had no option as to the application of the dividend. Having applied the dividend as directed by the insured, the defendant cannot be held liable, after the death of the insured, upon the contention of the beneficiary, that it should have applied it otherwise. The judgment is

Affirmed.