T. Brooke Price *et al, Executors v.* Northwestern Mutual Life Insurance Company

(No. 7511)

Submitted May 10, 1933. Decided May 30, 1933.

*Price, Smith & Spilman,* for appellants.
*Mohler & Peters* and *H. L. Snyder, Jr.,* for appellee.

WOODS, JUDGE:

The executors of David C. Howard, deceased, prosecute error from the ruling of the circuit court of Kanawha county in dismissing their action for $10,000.00, and interest, upon two $5,000.00 five-year term policies. Inasmuch as the policies declared on are identical, except for the serial numbers, our discussion will proceed as if there were but one policy involved.

The question presented is whether the policy had lapsed for non-payment of the annual premium falling due on July 5, 1931.

The policy, which was issued July 5, 1928, called for an annual premium of $63.40, and provided for a grace period of thirty-one days. While based on annual premiums, the policy provided that "payments may be made in semi-annual or quarterly installments at published rates" in force at the date of its issuance, and that "change may be made on any anniversary date hereof."

The automatic premium loan provision not being applicable to the form of policy applied for, the insured in his application, which was made a part of the policy, directed the company to apply the yearly dividend, which was payable in cash, upon the premium, in preference to the remaining option of leaving the same with the company on interest. On the anniversary dates prior to 1931, the dividends had been applied on the annual premiums. The cash dividend due on July 5, 1931, was for $16.65. A quarterly premium would amount to $16.35. Proper notices were sent the insured in reference to amount required to satisfy the annual premium.

And after the expiration of the grace period, letters urging reinstatement were forwarded. The insured died on September 2, 1931, and on October 6th the defendant company tendered appellants a check for the dividend. This was refused on the ground that the dividend had already been applied in part payment of the premium.

The principle seems to be very generally recognized that where the debt due the insured is insufficient to pay a premium, the company is not bound to apply it to the premium, in the absence of an offer on the part of the insured to pay the balance. 14 R. C. L. 966; Couch, Cyclopedia of Insurance 1976, sec. 615; 2 Joyce, Insurance, 2275-6, sec. 1166; 32 C. J. 1308, sec. 548.

The appellants, however, take the position that the foregoing does not apply where the policy holder had the option to pay the annual premium in semi-annual or quarterly installments, and the fund available is sufficient to pay a quarterly installment and thereby save the insurance. In support of this contention they cite *Mutual Life Ins. Co.* v. *Henlcy,* (Ark.) 188 S. W. 829. In that case, the court held that it was the duty of the company to give just and reasonable protection to rights of its policy holders, and inasmuch as the accrued dividends were sufficient to pay one quarter, and the further fact that check for balance was forwarded during the quarter, that the policy did not lapse although the insured did not specifically direct the dividend to be used in paying a quarter's premium. The court took the position that insured's consent to the appropriation of the dividend to prevent a forfeiture might be presumed. The action of the insured in forwarding the remainder of the premium within the quarter indicated a desire to have the accumulated dividends applied on the yearly premium.

Howard, as we have seen, had directed that the cash dividend be applied on the annual premium. The contract required a payment of $63.40 on or before the expiration date. The dividend being merely a part thereof was not of itself sufficient, under the authorities, to keep the policy in force. No attempt, according to the record, was made to change to a quarterly premium basis. Some action was required. *Supica* v. *Metropolitan Life Ins. Co.,* (Kan.) 19 Pac. (2d)

465; *Halliday* v. *Equitable Life Assurance Soc.,* (N. D.) 209 N. W. 965; *Eastman, Inc.* v. *Northwestern Mutual Life Ins. Co.,* (Wash.) 13 Pac. (2d) 488. If the dividend had been a few cents less than a quarterly payment, and insured had forwarded enough additional to make good the amount for a quarter, the appellants' position would be stronger. Admitting that the dividend had been placed in the premium fund in anticipation of the receipt of the remainder, no right attached thereby in so far as the company was concerned. The dividend remained the property of the insured, and subject to his direction. *Rominick* v. *Inter-Ocean Casualty Co.,* (decided this term, see p. 846 this volume); *Gardner* v. *National Life Ins. Co.,* 201 N. C. 716, 161 S. E. 308, 310. Had he forwarded the balance due, in accordance with the terms of the policy, the dividend would have merged into the annual premium. In the last cited case the Supreme Court of North Carolina said: "If, in violation of its contract with the insured, with respect to his dividend, the defendant had so applied it, it would nevertheless have been liable to the insured for the amount of the dividend, with interest, when called upon by him for its payment. There is no principle of law or equity upon which the defendant can be held liable to the plantiff because after the death of the insured within the time for which the policy would have been extended, if the insured had directed that the dividend be applied to the purchase of extended insurance, it appeared that such application would have been to the interest of the plaintiff, or beneficiary in the policy."

The contract is determinative of the reciprocal rights of the parties, and this Court will not alter the plain terms thereof in order to prevent a forfeiture.

*Affirmed.*