GENEVA C. SIMMONS vs. CAMBRIDGE SAVINGS BANK.

Middlesex.   March 6, 1963. — July 2, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Insurance*, Life insurance: premium, dividend, lapse. *Practice, Civil*, Case stated, Requests, rulings and instructions.

In context, a provision of a life insurance policy, that it "shall not be lapsed for the non-payment of any premium if the then accumulated dividends are sufficient to pay such premium, or any regular installment thereof," was not pertinent to an annual dividend credited to the insured under a plan elected by him whereby dividends were to be "Applied in . . . reduction of premiums then due." [329]

It was the duty of a judge of a District Court hearing an action on a case stated to order the correct judgment on the agreed facts; requests for rulings had no standing. [329]

A provision of a life insurance policy, the premiums of which were payable annually, semi-annually, or quarterly at the election of the insured, that dividends should be applied in reduction of "premiums then due," did not refer to the premiums which, on a given date, would have been due under the premium payment plans not elected by the insured as well as the premium due under the plan elected, but referred to successive premiums as they became due under the plan elected. [329, 331]

An insured's statement on an application for life insurance, that he wished the "automatic premium loan provision to be effective," was inapplicable to a term policy issued to him having no cash surrender or loan value. [331]

In an action by the beneficiary on a life insurance policy, the premiums of which were payable annually, semi-annually or quarterly at the election of the insured, where it appeared that he had elected to pay the premiums annually and to have the annual dividends owing to him "used to reduce premium due on anniversary" and had never changed the method of payment, that on the due date of an annual premium there was owing to the insured a dividend in an amount less than the annual premium but greater than the premium on a quarterly basis, that he had allowed the grace period following such due date to expire without paying the annual premium reduced by the dividend, and that subsequently he died within the first quarter after such due date, a contention by the beneficiary, that, in order to prevent a lapse of the policy by reason of nonpayment of premium, it should be assumed that the insured had authorized payment of the premium on a quarterly basis and that it was the duty of the insurer to apply the dividend to payment thereof on that basis, would involve a revision of the policy and would not be in accord with sound contract principles and was rejected by this court. [329, 332]

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated April 21, 1960.

The action was heard by *Parker, J.*

*Robert D. Kilmarx* for the plaintiff.

*Charles F. Choate* (*Francis D. Pizzella* with him) for the defendant.

WILKINS, C.J. This is an action of contract by the beneficiary of a savings bank life insurance policy issued by the defendant. The case was heard upon a stipulation as to all the facts by a District Court judge, who found for the plaintiff. The Appellate Division vacated that finding and ordered a new finding to be entered for the defendant. The plaintiff appealed.

The policy in the amount of $1,000 under date of May 8, 1941, on the life of Fred Albert Simmons, Jr., was one of ten term policies then issued to him by Massachusetts savings banks.[1] In his application the insured indicated that he wished to pay premiums annually and to have the dividends "used to reduce premium due on anniversary."[2]

In the first paragraph of the policy the bank's promise is "in consideration of the application for this insurance (copy attached hereto), which is the basis of and a part of this contract, and of the payment, on or before the twelfth day of May in each year during the continuance of this contract, of an annual premium of $9.88 during the first five years hereof and thereafter, upon renewal, of an annual premium as stipulated on the second page hereof." The policy also provided, "In lieu of annual premiums as specified above, premiums may be paid in semi-annual or quarterly installments as shown on the second page hereof." There was on the second page a schedule showing for each age the respective amounts of the premiums payable annually or on either instalment basis.

---

[1] It was a five year term policy and was automatically renewed three times.

[2] There was a choice of four options as to the application of dividends: (1) paid in cash on anniversary; (2) used to reduce premium due on anniversary; (3) used to purchase paid-up additional insurance; and (4) left to accumulate at interest. See G. L. c. 175, § 140, as amended.

The policy contained this language: "The dividends shall be payable in accordance with one of the following plans, at the election of the insured:

FIRST.  Paid in cash.

SECOND.  Applied in the reduction of premiums then due hereon.

THIRD.  Left with the insurance department of the bank to accumulate to the credit of the policy with interest at a rate not less than two per cent per annum, subject to withdrawal on demand. This policy shall not be lapsed for the non-payment of any premium if the then accumulated dividends are sufficient to pay such premium, or any regular installment thereof."

That the sentence last quoted is confined in application to the third plan is demonstrated not only by its position in the policy and by the indentation but also by its substance, which has to do with "accumulated dividends." The dividend presently to be discussed was not accumulated. See *Pearson* v. *Massachusetts Mut. Life Ins. Co.* 151 Misc. (N. Y.) 584, 587–588.

On May 12, 1958, when an annual premium of $16.63 became due, the insured had a dividend credit of $6.36, which was more than enough to pay a quarterly instalment of the premium in the amount of $4.32. Written notice that the premium due on May 12 as reduced by the dividend credit would be $10.27 was mailed to the insured on or about April 18. That amount was not paid on the due date or within the grace period of thirty-one days which expired on or about June 13. The insured died six days later on June 19.

The stipulation amounted to a case stated upon which it was the duty of the District Court judge to order the correct judgment, and the requests for rulings had no standing. *Redden* v. *Ramsey,* 309 Mass. 225, 227. This is the same rule as in the Superior Court. *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490, 491. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 410–411. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728–729.

The plaintiff's main contention is that it was the duty of the bank to apply a part of the dividend credit of $6.36 "as of May 12, 1958" in payment of the quarterly premium instalment of $4.32 so as to prevent a lapse. We assume, in accordance with G. L. c. 175, § 140, as amended, that the time for application would be at the expiration of the thirty-one days of grace.[1] The defendant argues in reply that it would have been a breach of contract for it to have changed from the annual to a quarterly basis for payment, and points out that the yearly cost to the insured would have been raised from $16.63 to $17.28.

This question, new in this Commonwealth, has arisen in other jurisdictions upon varying policy provisions and with other factual distinctions. The results are not in accord. Cases which clearly do hold that the insurer cannot change the method of payment from an annual to a quarterly basis in order to prevent a lapse of the policy are *Reynolds* v. *Equitable Life Assur. Soc.* 142 Pa. Super. Ct. 65, and *Price* v. *Northwestern Mut. Life Ins. Co.* 113 W. Va. 683. See *Pearson* v. *Massachusetts Mut. Life Ins. Co.* 151 Misc. (N. Y.) 584, 586–587; 14 B. U. L. Rev. 352. Contra, *Mutual Life Ins. Co.* v. *Henley,* 125 Ark. 372. The case of *Meilander* v. *Penn. Mut. Life Ins. Co.* 59 Ohio App. 171, could be distinguished on the ground that a written request by the insured was required to change the basis of payment of premiums (p. 175), but the court spoke with approval of the *Price* case. In *Cason* v. *Mutual Life Ins. Co.* 67 Colo. 199, only annual payments of premiums were permitted (p. 202). In *Weinstein* v. *Mutual Trust Life Ins. Co.* 116 Conn. 654, the dividend was insufficient to pay a quarterly premium (pp. 656–657). In *Halliday* v. *Equitable Life Assur. Soc.* 54 N. D. 466, the insurer could not be compelled to accept less than the full annual premium (p. 472).

[1] See the provision in G. L. (Ter. Ed.) c. 175, § 140, in effect in 1941, "and if any premium on the policy is not paid at the expiration of the days of grace, the company shall keep the policy in force by applying the dividend accumulations to the payment due on the policy if such accumulations are sufficient to make said payment in full . . . ." G. L. c. 175, § 140 (as amended through St. 1960, c. 708).

In her brief the plaintiff states with respect to the second plan for the payment of dividends contained in the policy that ''premiums then due'' must be taken on each anniversary of the policy to be the regular permitted instalments of the annual premium. The contention seems to be that, even without word from the insured, this is an inclusive reference to all three bases for payment of premiums and a direction to the insurer to apply the dividend on a quarterly basis if necessary to prevent a lapse. It would be a strained construction to interpret the policy as containing this ambiguity so that it might be resolved against the insurer. See *Mendelsohn* v. *Automobile Ins. Co.* 290 Mass. 228, 230, and cases cited. Obviously, only one premium would be due on a given date. The plural reference is, more reasonably, to successive premiums as they become due upon whatever basis they are to be paid.

The plaintiff relies upon another matter in the insured's application made in 1941. To the question ''Do you wish the automatic premium loan provision to be effective?'' he answered, ''Yes.'' Since a policy of term insurance has no cash surrender or loan value, this provision can have no application to this policy.

Thus far we have considered arguments based upon specific provisions of the policy. We now inquire whether the plaintiff may be aided by any broad principle of law. In so doing we have in mind the words of Chief Justice Rugg in *Rocci* v. *Massachusetts Acc. Co.* 222 Mass. 336, 343: ''A policy of insurance is a written contract. Its terms are to be given a reasonable construction. Each party is entitled to have the contract interpreted according to the words used, and not stretched to include gratuities to one whose misfortune may excite sympathy.''

In *Lamar* v. *Aetna Life Ins. Co.* 85 F. 2d 141, 142 (10th Cir.), two principles were stated, ''[1] It is the general rule of law that where an insurer has in its possession sufficient unapplied dividends presently due the insured to pay the stipulated premium, it should apply them in extinguishment of the premium and thus avoid lapse of the policy unless the insured directs otherwise. And the law will

make the application if the insurer fails to act, the consent of the insured thereto being presumed. . . . [2] But it is equally well settled that such dividends must be sufficient in amount to discharge the premium in full, otherwise the doctrine has no application and lapse is not prevented." In all the cases cited for the latter principle the dividends were insufficient to pay even the smallest premium instalment provided for in the policy, but the reference appears to be to the full stipulated premium. As to the first principle, the stipulated premium in the case at bar is an annual one.

The issue is to be decided with reference to all policyholders whose policies may be treated as lapsed by the insurer, the living as well as those who die. The rights of the insurer are to be fairly considered. The proposition which we consider, but not as advocated by the plaintiff, may be stated in this form: Whenever at the expiration of a grace period there is a declared dividend to the credit of the insured who has elected to have dividends applied to reduce premiums, and that dividend is sufficient to pay a premium on a quarterly basis, but not on the stipulated annual basis, the insured, who had the right to change the basis of payment but had not done so, unless he notifies the insurer that he intends to let the policy lapse, is to be taken by his silence to authorize payment on a quarterly basis.

As to the insured and the plaintiff, the beneficiary, it is obvious that they would have preferred that the quarterly premium be paid than that the policy lapse. In this case assent could retroactively be presumed. But in order to reach this result, it would be necessary to hold that every policyholder living at the expiration of the grace period should prospectively be taken to assent to a change in the method of payment where no notice of an intention to let the policy lapse is given to the insurer. This would involve a revision of the policy which we feel unable to make under sound principles of construction of contracts.

*Order of Appellate Division affirmed.*