*Southern District*

No. 41860

**ROCKLAND CREDIT UNION INC.**

**v.**

**GAUTHIER MOTORS, INC.**

Argued: Nov. 29, 1967    Decided: Dec.    1967

*Present:* Nash, C. J., Cox, Murphy, J. J.

Case tried to *Tamkin, J.* in the Second District Court of Plymouth. No. 41860

*Cox, J.* This is an action of tort for the conversion of an automobile. There was a finding for the plaintiff in the amount of $1095.00. The defendant filed a motion for a new trial on the ground that the finding was based upon a mistake of law. The motion was denied. The defendant claiming to be aggrieved by the denial of its motion for a new trial the justice reported the case for our determination.

The case was tried upon a statement of agreed facts amounting to a case stated. It was the justice's duty, therefore, to order the correct judgment on the agreed facts. Requests for rulings have no standing. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728-729. *Simmons* v. *Cambridge Savings Bank,* 346 Mass. 327, 329.

The justice ordered the correct judgment on the agreed facts.

On September 12, 1962 the plaintiff advanced the sum of $1,914.00 to one John A. Stanley for the purchase of a 1962 Ford Galaxie automobile. The plaintiff obtained a purchase money security interest in the Ford. That this was a good security interest is not disputed.

On January 8, 1965, Stanley exchanged the Ford for a Triumph automobile. He paid the dealer no cash. On the same day the plaintiff

released its security interest in the Ford and entered into a new security agreement for the Triumph in the sum of $1,356.00, that being the balance then remaining on the previous loan. The plaintiff did not file a financing statement. The Triumph was used by Stanley for his personal use only, as was the Ford before it.

On June 10, 1965, the defendant, Gauthier Motors, Inc., purchased the Triumph from Stanley *and later sold it.* It is stipulated that if there was a conversion of the Triumph its value at the time of the conversion was $1,095.00.

The decisive question is whether the plaintiff had a purchase money security interest in the Triumph which was good as against the defendant. The defendant contends that the plaintiff did not have such an interest because it did not file a financing statement, urging that the filing of such a statement was required in order for the plaintiff to prevail.

General Laws, c. 106, § 9-107 provides, so far as material, that a security interest is a

"purchase money security interest" to the extent that it is "(b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor [Stanley] to acquire rights in or the use of collateral [Triumph] if such value is in fact so used."

The following sections 9-108, so far as material, provides that

"Where a secured party (plaintiff) releases a perfected security interest, or otherwise gives new value which is to be secured in whole **or in** part by after-acquired property his security interest in the after-acquired collateral (Triumph) shall be deemed to be taken for new value and not as security for an antecedent debt if the debtor (Stanley) acquires his rights in such collateral (Triumph) — under a contract of purchase made pursuant to the security agreement within a reasonable time after a new value is given".

In the light of sections 9-107 and 9-108, by releasing its perfected security interest in the Ford the plaintiff furnished new value to be secured on the same day by the after-acquired Triumph by Stanley. This is not the case of accepting security for a prior or antecedent obligation but the furnishing of new value for a purchase money security interest in the Triumph.

The filing of a financing statement is not required to perfect the plaintiff's security interest in the Triumph because it was a "purchase money security interest in consumer goods". G.L. c. 106, § 9-302(d). As the Triumph was acquired by Stanley solely for his personal use it comes within the classifica-

tion of "consumer goods". G.L. c. 106, § 9-109.

Stanley was not in the business of selling automobiles, nor did he have authority from the plaintiff to sell the Triumph, consequently the defendant did not purchase the Triumph free of the plaintiff's security interest, even though it purchased in good faith and without knowledge of the plaintiff's security interest. The defendant bought the Triumph subject to the plaintiff's security interest. G.L. c. 106, § 1-201(9) and § 9-306(2).

There has been a conversion of the Triumph in violation of the plaintiff's rights. *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.*, 343 Mass. 622, 626-628.

As there was no error by the justice in ordering judgment for the plaintiff for the stipulated amount it follows that there was no error in denying the defendant's motion for a new trial. The defendant's motion for a new trial is based only on the allegation of error in the order for judgment. **The report should be dismissed.**

LEWIS L. WHITMAN,
   of Boston, for the Plaintiff.
BERKAL & BERKAL,
   of Salem for Defendant.