*Western District*

## ANITA M. CORMIER

### v.

## QUINCY MUTUAL FIRE INSURANCE COMPANY

Argued: March 18, 1969 Decided: Sept. 17, 1969

*Present*: Garvey, P.J., Moore, Allen, J.J.

Tried to *Mellquist, J.,* in the Central District Court of Worcester #156137.

*Garvey, P.J.* This is an action of contract in which the plaintiff seeks to recover damages to her home alleged to have been caused by vandalism. In force at the time was a so-called "Homeowner Policy" of insurance issued by the defendant insuring her, inter alia, against loss by vandalism.

The case was submitted to the judge on a statement of agreed facts. He found for the defendant and the plaintiff claimed a report.

We summarize the agreed facts.

The plaintiff was the sole owner of a home located in Leicester, Massachusetts. She was the "named insured" in a "Homeowner's Policy" of insurance issued by the defendant.

On July 30, 1949 she married Francis Cormier. For many years prior to June 18, 1967 he suffered from emotional disturbances related to his military service and for a few prior years it was coupled with alcoholism causing frequent and serious family disharmony. On December 2, 1966 the plaintiff filed in the Probate Court for Worcester County a petition against her husband, described as "of Leicester" for separate support alleging she was actually living apart from him because of his cruel and abusive treatment, and gross and confirmed habits of intoxication, and praying for an order prohibiting her husband from imposing any restraint on her, custody of her three children, and an order for support. A citation, not served, issued on December 5, 1966, at which time her husband agreed to admit himself to the Veterans Administration Hospital in Boston for psychiatric treatment. This he did on December 29, 1966. He was officially discharged from the hospital on July 19, 1967. On a libel filed July 10, 1967 served on her husband at the Veterans Hospital, she secured a final decree of divorce on May 14, 1968.

On Friday evening June 16, 1967, her husband appeared at her home. He had a week-end pass from the hospital. Because he caused so much trouble, the next afternoon, the plaintiff and her three children left the home and went to a relative's home in Sturbridge. In the early afternoon of the next day, Sunday, she twice

telephoned her home and did not receive an answer. About 7:30 P.M. she and the children returned to her home. No one was present. She then discovered considerable damage in the "family room" which was in good condition when she left the premises on Friday.

The judge, in his special findings, found that her husband caused the damage and that he was a resident in the home at that time.

It was the duty of the judge to order a correct judgment on the case stated as it is ours. *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490, 491. *Simmons* v. *Cambridge Savings Bank,* 346 Mass. 327, 329.

Although there was no direct evidence as to who did the damage, on the agreed facts, it was permissible for the judge to infer that it was caused by the plaintiff's husband. We draw the same inference. *Evangelio* v. *Metropolitan Bottling Co., Inc.,* 339 Mass. 177, 179-180.

If her husband was a resident of the home at the time of the damage the plaintiff cannot recover because of a provision in the policy reading: "The unqualified word 'insured' includes (1) the named insured and (2) if residents of his household, his spouse...."

"Residence imports something of expected permanence in way of personal presence. It signifies intended continuance as distinguished from speedy change." *Marlborough* v. *Lynn,* 275 Mass. 394, 397. *Aufiero* v. *Aufiero,*

332 Mass. 149. *In Rummel* v. *Peters,* 314 Mass. 504, 511 quoting the *Am. Law Inst. Restatement, Conflict of law, comment (e)* defined the word "residence" as "a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently". "The term 'residence' appearing on our statutes has been construed as one of flexible meaning, depending upon the phraseology of the particular statute, the relation of the term to the remaining words employed, and the aim and object intended to be accomplished by the legislature." *Cambridge* v. *West Springfield,* 303 Mass. 63, 66-67.

Applying these rules we are of opinion that the husband at the time of the vandalism was a resident of the premises and not the Veterans Hospital notwithstanding his wife's unsupported assertion in her petition for separate support that she was actually living apart from him.

*The report is to be dismissed.*

JOSEPH ALTER

of Boston for the defendant.

RICHARD M. WELCH

of Worcester for the plaintiff.