[No. 3171-1    Division One.    January 10, 1977.]

STEVEN M. EVANS, ET AL, *Respondents*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant*.

*Julin, Fosso & Sage, Harold C. Fosso*, and *James D. Mc-Bride*, for appellant.

*Lee A. Holley, Benson, Chadwick, Stege & Wines*, and *Kirk R. Wines*, for respondents.

WILLIAMS, C.J.—Steven M. and Diane Evans brought this action against State Farm automobile insurance company to recover on an insurance policy for losses they sustained in an automobile collision. The cause was tried to the court sitting without a jury and resulted in judgment for the Evans. State Farm's appeal raises the single issue of the existence of the policy at the time of the accident.

The Evans submitted evidence to prove that State Farm issued Steven Evans a policy of collision insurance covering his car in 1969, and that the policy was renewed every 6 months thereafter. The premium payments were made to the State Farm agent nearest where they were living. Sometimes the payments were late and sometimes partial. When the balance on a premium was overdue, State Farm

customarily sent a notice by certified mail stating that the policy would be cancelled if payment was not made in 10 days.

In October 1971, the Evans moved from Bellevue to Granite Falls. They sent a change of address to State Farm and expected to be given the name of the agent in their new locality. When that information was not forthcoming, the Evans sent a second change of address and then, on January 17, 1972, drove to the Everett office of State Farm. There, an employee called the Bellevue office and told the Evans that their records were en route. Later on the day of their visit to the Everett office, the automobile collision occurred. This was during the 6-months premium period of December 26, 1971, to June 26, 1972.

Prior to that, in November 1971, the Evans received a notice from State Farm which stated in part as follows:

PLEASE RETURN THIS STUB.   MAKE CHECK OR MONEY ORDER PAYABLE TO STATE FARM

| POLICY NUMBER | Amount due includes previous balance of | PREMIUM DUE DATE | AMOUNT DUE |
|---|---|---|---|
| 1396 594 F26-47C | 2.80CR | 12 26 71 | 79 30 |

EVANS

01

IN RECENT MONTHS, THERE HAS BEEN A DROP IN THE NUMBER OF CLAIMS REPORTED BY STATE FARM POLICYHOLDERS. IN WASHINGTON. BECAUSE OF THIS IMPROVEMENT, WE ARE RESPONDING WITH DIVIDENDS FOR ELIGIBLE POLICYHOLDERS.

WE HAVE APPLIED THIS $ 7.60 DIVIDEND FROM YOUR PREVIOUS POLICY TERM TOWARD YOUR REGULAR GROSS PREMIUM OF $ 86.90, LEAVING THE NET AMOUNT DUE $ 79.30.

PLEASE CONTACT YOUR AGENT IF YOU HAVE ANY QUESTIONS.

7A00  *If you have moved or changed cars, see reverse side.* 2

Exhibit 5.

On December 30, 1971, State Farm sent the Evans another notice as follows:

IF YOU HAVE ALREADY PAID, PLEASE DISREGARD THIS NOTICE
KEEP THIS SECTION OF NOTICE FOR YOUR RECORD

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
NORTHWEST OFFICE SALEM, OREGON

**EXPIRATION NOTICE** •  YOUR POLICY EXPIRED AT 12:01 A.M. ON DUE DATE

COVERAGES - SEE EXPLANATION ON REVERSE  •  PLEASE PAY AMOUNT INDICATED

| | POLICY DUE DATE MO. DAY YR. | AMOUNT DUE |
|---|---|---|
| AB C D G100 H U | 12 26 71 | $ 79 30 |

POLICY NUMBER AND AUTOMOBILE INSURED

1396 594 F26 47C
CLASS 7A0 68 VOLKS
AGENT IVER O DRIVSTUEN

GROSS PREMIUM $86.90   DIVIDEND $7.60

EVANS, STEVEN M &
DIANE E
STAR RT
GRANITE FALLS
WA 98252

Payment within 10 days after due date will reinstate your policy
as of the policy due date. If formal receipt wanted, check here
and mail back ENTIRE notice.

---

PLEASE RETURN THIS STUB.   MAKE REMITTANCE PAYABLE TO STATE FARM: 8

| POLICY NUMBER | AMOUNT DUE includes | POLICY DUE DATE | AMOUNT DUE |
|---|---|---|---|
| 1396 594 F26-47C | previous balance of $2.80CR | 12 26 71 | $ 79 30 |

The Amount Due is based on the following information which is used for rating
purposes only and does not affect the coverage provided by your policy.

AUTOMOBILE INSURED ............... EVANS
DRIVERS OF CAR IN YOUR HOUSEHOLD 2

68 VOLKS REGULAR DRIVERS MARRIED
COUPLE WITH HUSBAND 21-24.

EXCEPTIONS:

ORDINARY USE OF CAR

PLEASURE OR NOT OVER 30 MILES WEEKLY TO WORK.
ESTIMATED ANNUAL MILEAGE
DOES NOT AFFECT RATE

DISCOUNTS                7A0

*If this information is not correct, please contact your State Farm agent.*

THE PREMIUM ... DIVIDEND $7.60
IS CORRECT (SIGNED) X

If you have moved or changed
cars, see other side.

To have continuous protection make payment to the Company or a State Farm agent within 10
days after policy due date. If payment is not made within 10 days after due date it is made
less than 40 days, protection will be reinstated as of date payment is received by the Company,
subject to established Company procedures.

ENTER DATE & CHECK NO

Exhibit 8.

State Farm contends that it offered to renew the policy as required by RCW 48.18.280 and RCW 48.18.292, but the offer was not accepted because the premium was not paid on the due date. Therefore, as State Farm could not extend the contract by unilateral action, the contract of insurance terminated on December 26, 1971. *McGregor v. Inter-Ocean Ins. Co.*, 48 Wn.2d 268, 292 P.2d 1054 (1956).

Further, State Farm contends that an insurance company is not obliged to apply dividends to extend policy coverage and is not required to advance a deficiency necessary to make up the full premium. *Eastman, Inc. v. Northwestern Mut. Life Ins. Co.*, 169 Wash. 125, 13 P.2d 488 (1932).

The effect of the dealings between the parties is contained in the court's unchallenged finding of fact No. 8, which reads as follows:

> The defendant was not guilty of malice in its actions and administration of the plaintiffs' contract of insurance, but at the same time, the defendant's agents did not act in the ordinary course of business and regularly, but did act in a manner to lead the plaintiffs to believe, reasonably, that they were insured, and the above damages were risks covered by the policy or were damages reasonably foreseeable and actual consequences of the defendant's actions in leading the plaintiffs to believe they were insured and in breaching the contractual obligations of defendant to the plaintiffs.

The evidence of the course of conduct of the parties over the years and the method of paying premiums supports the finding. The rule of law is that

> [A]n insurer who has adopted the custom of waiving strict compliance with provisions as to the payment of premiums is bound by the custom in the absence of notice to the contrary.

*Blomquist v. Grays Harbor Medical Serv. Corp.*, 48 Wn.2d 718, 720, 296 P.2d 319 (1956). *See also Allen v. Prudential Ins. Co. of America*, 67 Wn.2d 845, 410 P.2d 586 (1966); 6 R. Anderson, *Couch Cyclopedia of Insurance Law 2d* § 32:369 (2d ed. 1961).

It would be a different matter if the Evans had objected to the application of the dividend and credit balance and

had demanded payment of those sums, or if they had departed from the usual course of dealing in some way. But they did not; they followed the usual practice. This distinguishes the authorities cited by State Farm.

We also believe that the trial court's interpretation of the application of the dividend of $7.60 and credit balance of $2.80 to the 6-months premium was reasonable and that the court's determination that State Farm had in fact applied that money to the premium is supported by substantial evidence. This entitled the Evans to a notice of cancellation which was not given, rather than an expiration notice.

■ State Farm assigns error to the admission into evidence of the testimony of the Evans as to their understanding of the premium due notice. Both parties explained their interpretations of the notices. Objections to the testimony were minimal, undoubtedly because the trial judge perceived the problems of proof involved. A trial judge is presumed to have considered only the evidence properly before the court, and for proper purposes. *In re Harbert*, 85 Wn.2d 719, 538 P.2d 1212 (1975).

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.