Turcotte, P.J.
This case is here after a decision by the trial justice on an agreed statement of facts.[2] The plaintiff (Dines) claims $10,400.00 due for storage charges for a trailer owned by the defendant (Liberty). The trial justice awarded Dines $3740.00. Dines claims to be aggrieved by the denial of certain of his requests for rulings, and the amount of the award.
The trialjustice is not required to act on requests for rulings where there is a case stated, and we will not review his disposition of such requests. Simmons v. Cambridge Savings Bank, 346 Mass. 327, at 329 (1963), Rockland Credit Union, Inc. v. Gauthier Motors, Inc., 39 Mass. App. Dec. 180 (1967).
Liberty acquired ownership of the trailer pursuant to the provisions of an insurance policy after its theft in 1982. On October 15,1985, it was recovered by the Massachusetts State Police and the police ordered it towed by Dines to his storage facility. Dines is in the business of towing and storing vehicles.[3] On January 7,1986, Liberty learned that dines had possession of its trailer, and on March 10, 1986 Dines learned that Liberty was the owner of the trailer. On March 14,1986, Dines sent notice to Liberty with a statement of charges due in the amount of $2980.00 at the rate of $20.00 per day. Liberty refused to pay the $2980.00 contending it owed money only from January 7,1986 when it learned of the location of its trailer. Dines continued to store the trailer until March 18, 1987 when Dines allowed Liberty to take possession of the trailer. Liberty later sent a check to Dines in the amount of $1200.00 and Dines accepted this check. At all times the fair market value of the trailer was $5,000, and $20.00 per day a reasonable storage charge.
G.L. Chapter 159B, § 6C provides that the motor vehicle storage facility shall *121 have a lien for storage charges due them where the storage was ordered by police.G.L.c.266,§29 provides that unless notice is given to the owner in five days by the storage facility the lien shall be lost. Timely notice is conceded here so that the lien was good and the charge of $2980.00 was valid when Liberty refused to pay on March 14, 1986. Dines then had a right to proceed civilly within 60 days by authority of G.L. c.255, §26. When Dines gave up his possessory lien, however, on March 18, 1987, he also gave up his right to proceed civilly to sell the vehicle to satisfy the debt then due under the statute since the statute gives the right to a person who has a lien. Dines had remaining only the right to proceed on the theory of recovery of quantum meruit. ‘ 'Obviously, in such cases the owner has not contracted for such services; nevertheless, the law will imply a promise to pay in order to avoid unjust enrichment and to further public policy interest.” Allstate Insurance Company v. Chemmey, 1979 Mass. App. Div. 55. The total value that could be awarded in quantum meruit, however, can not exceed the value of the chattel stored. (Id. at 58)
The trial justice awarded damages correctly. The $1260.00 previously received by Dines plus the award of $3740.00 equal the $5000.00 value of the trail . Report Dismissed.

G.L. 231, §108, third paragraph.

G.L. 159B, §6C, G.L. 266, §29.