Welsh, J.
This is a civil action brought by the organization of unit owners of a condominium to collect unpaid common assessments, late charges and attorneys’ fees, pursuant to G.L.c. 183A, §6.
A partial settlement was arrived at between the parties which resulted in an agreement for immediate payment of the past due common assessments. The remaining issues of late charges and attorneys’ fees were the subject of a hearing to assess damages. At the hearing, plaintiff claimed the association was entitled to late charges amounting to $3,600 and attorneys’ fees and associated disbursements totalling $6,075.44. The court awarded $1,100 for late charges and $1,000 for attorneys’ fees.
The appeal process got off to a rocky start. Instead of filing a notice of appeal and the required entry fee within 10 days of the entry of judgment as required by Rule 4, Dist./Mun. Cts. R.A.D.A., the appellant filed a Request for Report and Draft Report as provided by former Rule 64, Dist./Mun. Cts. R. Civ. P. which was no longer effective as to actions commenced after July 1,1994; Rule 1A, Dist./Mun. Cts. R.A.D.A. When the appellant became aware of the/awe pas, he sought and obtained leave from the court to substitute a notice of appeal in lieu of the draft report previously filed.
We shall assume arguendo that the filing of the now extinct Request for Report and Draft Report sufficiently preserved the plaintiff’s appellate rights so that the judge might as a matter of his discretion permit the substitution of a notice of appeal in the manner prescribed under the current appellate dispensation.
This appeal must fail for a more basic reason. The appellant filed to file any requests for rulings of law at the hearing to assess the damages. This was not a “case stated” because there was and continues to be a dispute as to certain facts such as the reasonableness of the attorneys’ fees sought and the calculation of the late charges. Compare Simmons v. Cambridge Savings Bank, 346 Mass. 327, 329 (1963). The new appeals system does not obviate the need for request for rulings of law in those cases where issues of fact and law are not discrete. Rule 64A, Dist./Mun. R. Civ. R; see Graustein v. Davis, 282 Mass. 579, 583 (1933).
Clearly, the judge who heard the motion to assess damages was in a better position to determine the reasonableness of the attorneys’ fees to be awarded. No abuse of discretion was manifest. Nor does this Appellate Division have cause to decide upon a survey of the case that the award was so inadequate that a miscarriage of justice might result if it is allowed to stand. Bartley v. Phillips, 317 Mass. 35, 41-43 (1944).
There was no prejudicial error. The appeal is dismissed.
So ordered.